NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 10-CV-124-WOB

ROBERT GLENN PAEHLKE               PLAINTIFF

VS.       MEMORANDUM OPINION AND ORDER

GARRY L. EDMONDSON, et al.             DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Robert Glenn Paehlke has submitted a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *in forma pauperis*. The Motion, as amended by the Plaintiff's later-filed financial information, will be granted. The Complaint is now before the Court for initial screening.[1] 28 U.S.C. §§ 1915(e),1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this cause of action.

## CLAIMS

Claiming violations of his right to due process under the Fifth and Fourteenth Amendments of the U.S. Constitution, the Plaintiff names four Defendants, faulting them for their "depriving Plaintiff of constitutional rights under color of State law, custom or usage, conspiracy to so deprive and/or failure, neglect or refusal to protect plaintiff from said conspiracy although it was within the power to do so." R. 2.

## DEFENDANTS

As Defendants, the Plaintiff names four employees of the Commonwealth of Kentucky, in

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

their individual capacities: Garry L. Edmondson, Kenton County Attorney; Rob Sanders, the Commonwealth's Attorney; Douglas Grothaus, District Judge; and B. Fultz, a Kenton County police officer.

## RELIEF REQUESTED

Plaintiff seeks damages.

## FACTUAL ALLEGATIONS

Paehlke's factual allegations are few. He alleges that on or about April 5, 2010, as he was driving on Kentucky Highway 16, a Kenton county police officer stopped him. After the Plaintiff had surrendered his license, proof of insurance, and car registration, the officer returned to Paehlke's car and informed him that his license was suspended in Michigan. Therefore, the officer had to arrest the Plaintiff.

In arresting Paehlke, the officer found cannabis in his pocket. When the Plaintiff told him that the cannabis was his "religious sacrament," the unnamed officer told him that Kentucky does not recognize cannabis as a religious sacrament. Further, he asked Paehlke why he had the sacrament with him and if he had "partaken" along the way. "I had not. He let me call friends to come for my vehicle. He took me to jail, along the way he told me that his brother worked for the FBI."

The Plaintiff alleges that the "Defendant [sic] acts as heretofore complained of, Have [sic] caused harm and damage to Plaintiff."

## DISCUSSION

To state a viable claim for relief, a complaint must state sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If the complaint pleads facts that are "merely consistent with" a defendant's liability, the complaint should be dismissed for failure to state a claim. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). When reviewing a complaint to determine whether it must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well pleaded factual allegations as true. *Id.*, ___ U.S. at ___, 129 S. Ct. at 1951.

Because the Plaintiff here is proceeding without the benefit of an attorney, the Court reads his Complaint to include all fairly and reasonably inferred claims. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* complaints remain subject to *Iqbal*'s requirement that "they plausibly suggest entitlement to relief." *Cf. Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (applying *Iqbal* standard to prisoner's *pro se* civil rights claims under Section 1983); *see also Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. October 31, 2008) (declining to apply a more lenient *pro se* standard than the heightened pleading requirement of *Twombly* to *pro se* copyright claim, noting Supreme Court's admonition that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires ... "); *Zibbell v. Michigan Dept. of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. February 23, 2009) (applying *Twombly* standard to *pro se* claims under the Americans with Disabilities Act).

In the instant Complaint, the Plaintiff fails to allege wrongdoing by any named Defendant. The police officer who is named a defendant in the caption is not clearly identified as the one stopping and arresting Paehlke. Even if the officer were identified as Defendant Fultz, what did he

3

do wrong? As it is, at best, the Court could only presume that the complained-of actions were by Defendant Fultz. Even then, Paehlke's allegations stop at the officer's taking him to jail. With regard to the remaining defendants, the Plaintiff presents no factual allegations. He alleges absolutely no action taken by Edmondson, Sanders, or Judge Grothaus. Presumably they would have taken part subsequently, in a criminal proceeding.

However, it is not the Court's duty to presume who the bad State actor is or what he or she did to injure the Plaintiff. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). It is the Plaintiff's burden. The pleading in this case has not set forth the factual basis of his claim in a manner that gives the named Defendants proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." *Id*. at 594. Even under the liberal construction of the Federal Rules, particularly for *pro se* Plaintiffs, the instant Complaint must be dismissed for failure to state a claim:

> ... the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949 (internal quotations and citations omitted). The allegations of a complaint need not be meticulous or precisely detail all relevant facts, but they must be sufficiently clear that a defendant is not left guessing as to what alleged conduct gives rise to the asserted claim or the injury which provides the basis for recovery. The instant Complaint fails to satisfy this minimal standard.

Accordingly, it is **ORDERED** that:

1. Robert Glenn Paehlke's Motion to Proceed *in forma pauperis*, as amended, R. 3, 5, is **GRANTED**.

2. Plaintiff Paehlke's cause of action will be **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate Judgment.

This 16th day of August, 2010.

Signed By:
William O. Bertelsman   WOB
United States District Judge